NIBLOCK *v.* ANN ARBOR RAILROAD CO.[1]

1. MASTER AND SERVANT—NEGLIGENCE—MACHINERY.

There is evidence tending to show negligence of a corporation, which, in its business, operated a crane for lifting car axles intended to weigh from 300 to 500 pounds, where it appeared that the crane had been long in use, had been improperly repaired, that the base had become weakened, as an inspection would have shown, and that the machinery broke at the base while lifting a larger weight than it was intended to support.

2. DAMAGES—NEW TRIAL.

Four thousand dollars damages are not so excessive as to warrant granting a new trial as against a plaintiff whose hand was crushed and rendered useless, his little finger cut off, and his body and right leg bruised, and who had previously been a skilled mechanic earning about $2.50 a day.

Error to Shiawassee; Miner, J.    Submitted October 12, 1909.    (Docket No. 29.)    Decided November 5, 1909.

Case by Andrew Niblock against the Ann Arbor Railroad Company for personal injuries.    A judgment for

---

[1] Rehearing denied December 31, 1909.

plaintiff is reviewed by defendant on writ of error. Affirmed.

*T. W. Whitney* (*Benjamin S. Warren*, of counsel), for appellant.

*Odell Chapman*, for appellee.

MOORE, J.   Plaintiff, while in the employ of defendant company, was hurt, and for his injuries brought this lawsuit. From a judgment of $4,000 in his favor the defendant has brought the case here by writ of error.

We quote from the brief of counsel for appellant:

"The principal questions raised by the record are those of primary negligence on the part of the defendant. These claims were set forth in defendant's request to charge:

"*First.* 'The defendant requests the court to charge the jury that under the pleadings and proofs in the case the plaintiff cannot recover, and you are directed to return a verdict of no cause of action.'

"*Second.* 'I charge you that there has not been made to appear by the plaintiff that the defendant was negligent; that the negligence of the defendant has not been proved as alleged; that its negligence has not been established; that it has not been made to appear what caused the breakage that caused the accident; that whatever may have been the cause, it has not been made to appear that it was because of any negligence of the defendant.'"

These requests were refused, and the case was submitted to the jury in a carefully prepared charge. The plaintiff was employed in turning car axles at a lathe. These axles were lifted into position by using a crane, the iron base of which was at the end of the lathe. In this base was a socket into which a swinging arm was fitted; at the end of the arm was a pulley, over which a chain was run, which chain ran over a ratchet roller which was operated by turning a crank. This chain could be lowered so as to engage the axle to be lifted, and by turning the crank the axle was lifted high enough to be swung into

place over the lathe. It was the claim of plaintiff that about 18 months before the accident happened the arm of the crane had been lengthened, giving it much greater purchase upon the socket or base, and that this was done without strengthening the base. It was also his claim that the crane was overloaded; that it was originally intended to carry axles weighing from 300 to 500 lbs. But that later it was used to carry axles weighing much more, and that when the accident happened it was actually carrying an axle weighing more than 800 lbs. It was also claimed that by long-continued use the base of the crane had crystallized and weakened, and that a proper inspection would have shown that fact, and that no inspection was made. There was testimony tending to support each of the claims of the plaintiff. We do not think it can be said, in view of this testimony, that the court should have directed a verdict in favor of defendant.

A motion was made for a new trial, among other reasons, because the verdict was excessive. This motion was overruled. It is urged here that the court erred in not granting a new trial because of the excessive verdict. The plaintiff was about 47 years old, and claimed to be a skilled mechanic, earning $2.50 a day. It was his claim that—

"The base of the crane broke and fell, striking this plaintiff on his right hand, crushing the fingers thereof, cutting the little finger from his hand, and otherwise injuring and bruising this plaintiff in his body and injuring and bruising his right leg. Plaintiff's right hand, on account of the injury thereto, has become partially useless, and it has greatly impaired the use of the fingers of his right hand, and the bones in his hand were crushed and broken so that said hand is useless, and said injuries are permanent, and he will never recover from the same, and that said plaintiff has suffered great pain, both physical and mental, from said injury, and said injury has made this plaintiff a permanent cripple, impairing his ability to earn money, his personal appearance, his power of self-defense, and his physical power generally, and the same has caused plaintiff to suffer, both physically and mental-

ly, and said plaintiff has suffered great mental anguish at having been made a permanent cripple, and having lost the power and use of his right hand."

There was detailed testimony tending to establish the above claim. Counsel does not argue this proposition at any great length, and has not called our attention to any authority supporting his contention.

Judgment is affirmed.

BLAIR, C. J., and GRANT, MCALVAY, and BROOKE, JJ., concurred.